IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL DELYNN DEUEL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-03-555-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner's Motion for Extension of Time to Comply with Order (Docket No. 27), Petitioner's Motion to Convert Habeas Action into Civil Rights Action (Docket No. 29), and Petitioner's Motion for Leave to Proceed in Forma Pauperis (Docket No. 32). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Having reviewed the record in this case, and having considered the arguments of the parties, the Court enters the following Order.

**MEMORANDUM ORDER - 1**

# I.

# BACKGROUND

Petitioner pled guilty to and was convicted of one count of grand theft in the Fourth Judicial District Court, Ada County, Idaho. In a separate case in the same court, he pled guilty to one count of delivery of methamphetamine. On August 10, 1998, Judge Thomas Neville imposed a prison sentence of five years in prison, with one year fixed, in the grand theft case. Two days later, Judge George Carey imposed a prison sentence of five years, with one year fixed, in the delivery of methamphetamine case. Judge Carey ordered that the sentence in the second case run concurrently with the sentence in the first case. Petitioner received 556 days' jail credit toward his first sentence, and 223 days' jail credit toward his second sentence.

Petitioner was paroled in April 2002. On October 4, 2002, while still on parole for the delivery of methamphetamine conviction, the sentence in the grand theft case terminated. In March 2003, the Idaho Commission for Pardons and Parole revoked his parole in the delivery of methamphetamine case, and did not credit the time spent on parole toward his prison sentence. Petitioner asserts that it is unconstitutional for Idaho to allow the first sentence to be terminated by crediting him with the time spent on parole, and, at the same time, disallow credit for the same period of time on the second concurrent sentence. It appears that Petitioner has already brought these claims in an Idaho state court habeas corpus action.

**MEMORANDUM ORDER - 2**

On or about May 11, 2004, Petitioner was released after serving his entire sentence. After his release, Petitioner committed new crimes, causing him to be convicted and incarcerated. He now resides at the Idaho State Correctional Institution.

The Court previously dismissed the Habeas Corpus Petition in this case, determining that no case or controversy remained after Petitioner had completed his sentences. *See Spencer v. Kemna*, 523 U.S. 1 (1998) (prisoner's petition was moot because he had served the term of incarceration resulting from his allegedly wrongful parole violation). However, the Court allowed Petitioner to submit a motion to convert his case to a civil rights case. The Court now considers the pending motions.

## II.

## PENDING MOTIONS

### A.  Motion for Extension of Time

Petitioner submitted a Motion for Extension of Time within which to respond to the Court's previous Order. Good cause appearing, that Motion shall be granted.

### B.  Motion to Convert Habeas Petition into § 1983 Complaint

Petitioner has submitted a Motion to Convert, seeking to convert his case from a habeas corpus matter into a civil rights matter. Petitioner has also submitted an Amended Complaint.

**MEMORANDUM ORDER - 3**

Several threshold issues must be addressed before Petitioner can proceed on a civil rights case.  First, Respondent suggests that conversion of a habeas corpus case into a civil rights case is inappropriate.  However, there is no authority showing that a motion to convert a habeas corpus petition into a civil rights complaint is inappropriate. Respondent relies on *Trimble v. City of Santa Rosa*, 49 F.3d 583 (9th Cir. 1995), where the Ninth Circuit indicated that the court's sua sponte conversion of a civil rights action into a habeas corpus action without the clear intent of the plaintiff to proceed in habeas corpus might prejudice the plaintiff's future rights because of habeas exhaustion and successive petition concerns.  *Id*. at 586.  However, no such prejudice would result here; rather, the opposite is true: Petitioner may be able to avoid a statute of limitations bar if his action is converted rather than dismissed.  The Court finds no legal or practical bar to conversion. *See, e.g., Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003) (suggesting conversion from § 2254 to § 1983 is appropriate under certain circumstances).

The second threshold question is whether a person who completes his sentence is free from the *Heck v. Humphrey* bar and is able to challenge an unconstitutional aspect of his previous conviction or sentence.[1]  The Ninth Circuit addressed that issue in *Nonette v.*

---

[1] *See Spencer v. Kemna*, 523 U.S. 1 (1998), where five justices endorsed the idea that the unavailability of habeas relief permits a § 1983 action, regardless of whether the success of the action would necessarily imply the invalidity of the conviction or sentence; *see also Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004) ("Members of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the *Heck* requirement."). Because Petitioner's sentence is completed, the Court need not consider whether it would be appropriate to apply *Wilkinson v. Dotson*, 125 S.Ct.1242 (2005) (prisoners could challenge constitutionality of state parole procedures in action under § 1983 seeking declaratory and

**MEMORANDUM ORDER - 4**

*Small*, 316 F.3d 872 (9th Cir. 2002).  Nonnette's § 1983 complaint alleged that prison officials violated his constitutional rights by miscalculating his prison sentence, revoking 360 days of his good-time credits, and imposing 100 days of administrative segregation in a disciplinary proceeding devoid of supporting evidence.  The district court dismissed the miscalculation claims, holding that *Heck v. Humphrey*, 512 U.S. 477 (1994), precluded Nonnette from maintaining his § 1983 action.  On appeal, Nonnette argued that, since he had already served the disputed portion of the sentence (including the additional year that resulted from his disciplinary proceeding) and had been paroled, he should have been allowed to proceed on a § 1983 claim for damages.  The Ninth Circuit Court agreed.  Here, because Petitioner's procedural posture is similar, *Heck* is not a bar to Petitioner's claims.[2]

The third question is whether Petitioner's § 1983 action would be futile.  Petitioner's failure-to-credit-time-served claim arises from a parole board decision.  The Ninth Circuit has recently clarified the state of the law regarding assertions of entitlement

---

injunctive relief, so long as they were contesting only parole procedures and not seeking a speedier release).

[2]Petitioner here is not like the petitioner in *Guerrero v. Gates*, 357 F.3d 911, 917 (9th Cir. 2004), who failed to pursue habeas relief when it was available to him. That Court stated: "We decline to extend relief from *Heck* to plaintiffs like Guerrero who, through their own delay, have failed to timely overturn their prior convictions." *Id*. The Ninth Circuit Court also clarified "that *Nonnette*'s relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation or parole or similar matters,' not challenges to an underlying conviction such as those brought by Guerrero." *Id*. at 918.  *See also Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002) (failure to timely pursue habeas relief, causing unavailability of that remedy, does not relieve a person of the *Heck* bar).

**MEMORANDUM ORDER - 5**

to absolute immunity for parole board members and parole officers.  In *Swift v. California*, 384 F.3d 1184 (9th Cir. 2004), the Court explained:

> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. *Martinez v. California*, 444 U.S. 277, 285 n. 11, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. *Anderson* [*v. Boyd*], 714 F.2d 906, 909-10 (9th Cir. 1983). Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions "to grant, deny, or revoke parole" because these tasks are "functionally comparable" to tasks performed by judges. *Sellars*, 641 F.2d at 1303; *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir.1991) (holding *Sellars* immunity encompasses actions "taken when processing parole applications"). Absolute immunity has also been extended to parole officials for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole. *Anderson*, 714 F.2d at 909.

*Id*. at 1188-1189.

In Petitioner's case, the parole board members who did not allow him credit for time on parole would be entitled to absolute immunity from liability for damages on Petitioner's claims.  Therefore, a new complaint for damages would be futile.  Further, because Petitioner has already served his time, any claim for injunctive relief would be moot.[3]

The only action remaining open to Plaintiff would be one seeking a declaratory judgment, which is a form of relief still available in the face of judicial or quasi-judicial immunity.  *See Kampfer v. Scullin*, 989 F.Supp. 194, 201 (D.N.Y. 1997); *Brandon E. ex*

---

[3]It also appears that Petitioner's claims may be subject to res judicata, because he previously unsuccessfully pursued them in the state court system.

**MEMORANDUM ORDER - 6**

*rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000).[4]  Notwithstanding the availability of such a claim, the Court declines to consider this case as one seeking declaratory relief, because Petitioner's case has no legal or factual merit, and to allow it to be converted into a § 1983 action would be futile.

Petitioner asserts that it is unconstitutional for Idaho to allow one sentence to be terminated by crediting him with the time spent on parole, and, at the same time, disallow credit for the same period of time on the second concurrent sentence.  His argument has no basis in fact or law.

On August 10, 1998, Petitioner was sentenced to five years on the first conviction, grand theft; he received 556 days' jail credit on this sentence, causing its expiration date to be October 4, 2002.  On August 12, 1998, Petitioner was sentenced to a concurrent term of five years on his second conviction, delivery of methamphetamine; he received only 223 days' jail credit.  Therefore, Petitioner's second sentence, though running "concurrent" to the first sentence, required 333 additional days of incarceration beyond October 4, 2002.  *See State's Lodging of State Court Records*, Attachment F (Docket No. 12).

The law is clear that a parolee's sentence continues to run while he is on parole as long as he remains in good status on parole.  *See Anderson v. Corall*, 263 U.S. 193, 196

---

[4]The Ninth Circuit's leading case declaring that declaratory relief is barred by judicial immunity, *Moore v. Brewster*, 96 F.3 1240 (9th Cir. 1996), was decided prior to the amendment to 42 U.S.C. § 1983 that added the language allowing declaratory relief.

**MEMORANDUM ORDER - 7**

(1923). Therefore, his sentence may expire while he is on parole, bringing about a completion of his sentence, because he was still in the warden's legal custody while on parole. *Id.* at 196-97.

However, once a parole violation occurs, a sentence ceases to run. *Id.* "The Supreme Court has not equated a violated parole with incarceration but has analogized it to escape from prison during which the sentence does not run." *Willis v. Meier*, 435 F.2d 852, 853 (9th Cir. 1970) (relying on *Anderson v. Corall*). The running of a parolee's sentence is interrupted by the violation of his parole, and such a parolee's status and rights are analogous to those of an escaped convict. *Taylor v. Squier*, 142 F.2d 737 (9th Cir. 1944).

The violation of parole causes a parolee to lose his good status on parole, which, in turn, causes the forfeiture provision of Idaho Code § 20-228 to arise; that is, a person reincarcerated after parole "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise. . . ."[5]

Idaho's treatment of parole violators, when compared to its treatment of nonparole violators, does not violate the Equal Protection Clause. Two classes of parolees or two sentences do not have to be treated the same, when they are, in fact, different. *See Tigner*

---

[5]The Idaho Court of Appeals has held that this section is constitutional and does not violate the separation of powers doctrine. *Flores v. State*, 706 P.2d 71 (Ct. App. 1985).

**MEMORANDUM ORDER - 8**

*v. Texas*, 310 U.S. 141, 147 (1940) ("The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."). In Petitioner's case, even though the sentence time periods overlapped, the difference is that there are two different ending dates of the sentences, two different parole statuses, and two different lawful results arising from the different statuses.

Looking beyond the Fourteenth Amendment, the Court finds no federal case law supportive of Plaintiff's claim under any constitutional theory. The United States Supreme Court has not held that the Double Jeopardy Clause applies to parole. The Ninth Circuit has held that the constitutional prohibition against double jeopardy is not implicated by parole revocation proceedings. *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir. 1977).[6] Neither does Petitioner state an Eighth Amendment cruel and unusual punishment claim. *See Gagnon v. Scarpelli*, 411 U.S. 778, 783-84 (1973) (parole is rehabilitative, not punitive).

---

[6]The *Standlee* Court reasoned:
"It is well established that parole revocation is not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Revocation of parole is remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society. *Gagnon v. Scarpelli*, 411 U.S. 778, 783-84, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer, supra*, 408 U.S. at 477, 92 S.Ct. 2593. The termination of parole results in a deprivation of liberty and thus is a grievous loss to the parolee. But the harshness of parole revocation does not alter its remedial nature. *See United States v. National Association of Real Estate Boards*, 339 U.S. 485, 493 n. 6, 70 S.Ct. 711, 94 L.Ed. 1007 (1950); *Gregory v. Wyse*, 512 F.2d 378, 382 (10 Cir. 1975)."
557 F.2d at 1306.

**MEMORANDUM ORDER - 9**

The facts simply do not support a cause of action for Plaintiff.  Completion of one sentence does not have any bearing on a second sentence just because the time periods overlapped. The first five-year sentence began 333 days prior to the second five-year sentence, and so Plaintiff had nearly one additional year left to serve after the first sentence terminated.

The disparity in the starting dates of the "concurrent" sentences is not subject to legal challenge, as there are many Idaho cases affirming the principle that if a particular period of confinement served prior to the imposition of sentence is *not* attributable to the charge or conduct for which a sentence is to be imposed, the offender is *not* entitled to credit for such confinement.  *See State v. Hale,* 779 P.2d 438 (Ct. App. 1989); *State v. Rodriguez*, 811 P.2d 505 (Ct. App. 1991); *State v. Brashier*, 905 P.2d 1039 (Ct. App. 1995).[7]

Because Petitioner's case lacks a sound basis in law and fact, amendment would be futile.  Therefore, this case is not suitable for conversion into a § 1983 action.  As a result, the Court will dismiss this action in its entirety.

---

[7]Idaho Code § 18-309 provides:
> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

**MEMORANDUM ORDER - 10**

C.      **Motion to Proceed in Forma Pauperis**

Because the Court will not allow conversion of this case, the Motion to Proceed in Forma Pauperis is moot.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Extension of Time to Comply with Order (Docket No. 27) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Convert (Docket No. 29) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Leave to Proceed in Forma Pauperis (Docket No. 32) is MOOT.

IT IS FURTHER HEREBY ORDERED that this case is dismissed.

DATED: **July 8, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER - 11**